**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 11, 2011[*]
Decided May 20, 2011

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

| | |
|---|---|
| No. 10-2941 <br><br> MARK KROMREY, <br>　　*Plaintiff-Appellant,* <br><br> *v.* <br><br> UNITED STATES DEPARTMENT OF JUSTICE <br> and AMI DOLENZ, <br>　　*Defendants-Appellees.* | Appeal from the United States District Court for the Western District of Wisconsin. <br><br> No. 09-cv-376-wmc <br> William M. Conley, *Chief Judge.* |

**Order**

   Mark Kromrey contends that, beginning in 2001, he noticed sites on the Internet that contained libelous or pornographic material relating to actress Ami Dolenz. He believes that corrupt agents of the Federal Bureau of Investigation are responsible. Kromrey alleges in this suit that he faxed to the FBI more than 40 pages of documents about this subject and others he deems related; Kromrey also sent emails and letters to Dolenz and her agent, warning them about what Kromrey believes to be a conspiracy to injure her.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

In 2009 Kromrey submitted to the FBI's headquarters a request, under the Freedom of Information Act, 5 U.S.C. §552, for copies of the documents that he had sent to the FBI in earlier years, plus any documents generated during the investigation that he had hoped to spark. The FBI replied that a search of its central records system did not turn up any documents satisfying Kromrey's request. He then filed this suit, which led to another search—this time of all records maintained by the FBI's field offices, as well as those catalogued in its central records system. This search turned up 15 pages of responsive materials, which were turned over without redactions.

Kromrey is sure that the FBI must be hiding other records. But he did not produce any evidence of this, and the district judge properly granted summary judgment in favor of the Department of Justice. Evidence submitted by the FBI demonstrates a thorough search. That the agency may have thrown away materials Kromrey sent it almost a decade ago is not a basis for relief under the Freedom of Information Act, which applies only to documents that exist when a request for their production is made. Kromrey contends that the district judge is biased against him and so was disqualified, see 28 U.S.C. §455(b)(1), but the judge's rulings are the sole basis of that contention. Adverse rulings do not establish bias. See *Liteky v. United States*, 510 U.S. 540 (1994). Nothing in this record calls into question the propriety of the district judge's decision to resolve this suit. (Kromrey actually relies on 28 U.S.C. §144 rather than §455, but §144 applies only to affidavits by counsel containing specific factual assertions that, if true, demonstrate a judge's disqualification. Kromrey neither submitted an affidavit nor belongs to the bar. That is why we refer to §455 rather than §144.)

Kromrey sued not only the Department of Justice but also Ami Dolenz. According to Kromrey, Dolenz inflicted emotional distress on him by ignoring his communications. She filed a motion to dismiss, contending that she had not been served with process and that she is not subject to personal jurisdiction in the Western District of Wisconsin. The district court decided to bypass all jurisdictional problems and dismiss the complaint against Dolenz for failure to state a claim on which relief may be granted.

That was a mistake. Before deciding any case on the merits, a federal court must ensure the presence of both subject-matter jurisdiction and personal jurisdiction. It is improper to assume jurisdiction and proceed to the merits, just because they are easy while jurisdictional questions may be hard. See *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 93–102 (1998). There is no priority among grounds for *not* addressing the merits; thus a district judge may with equal propriety dismiss a suit for lack of subject-matter jurisdiction, lack of personal jurisdiction, or improper venue. See *Sinochem International Co. v. Malaysia International Shipping Corp.*, 549 U.S. 422 (2007); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999). But unless both subject-matter and personal jurisdiction have been established, a district court must dismiss the suit without addressing the substance of the plaintiff's claim.

It is hard to see a basis of subject-matter jurisdiction over the claim against Dolenz. She is neither an agent of the federal government nor a state actor, and any assertion that she conspired with the Department of Justice to injure Kromrey would be implausible. (Recall that Kromrey's underlying assertion is that agents of the FBI were conspiring *against* Dolenz.) The supplemental jurisdiction does not apply, because Kromrey's tort claim against Dolenz is a controversy different from his claim against the Department under the FOIA. See 28 U.S.C. §1367(a). Thus suit against Dolenz must rest on the diversity jurisdiction. 28 U.S.C. §1332(a). Yet Kromrey has not alleged the parties' citizenship or the amount in controversy, and it is difficult to see how the stakes could exceed $75,000. As for personal jurisdiction: Nothing we have seen suggests that Dolenz took any act, adverse to Kromrey, while in the Western District of Wisconsin (which could support specific jurisdiction), or that her activities (if any) in Wisconsin would subject her to that state's general jurisdiction.

It is unnecessary to remand, however. The district judge's decision may be understood as a conclusion that Kromrey's claim against Dolenz was utterly groundless, an evaluation that we share. An essentially fictitious claim does not come within federal jurisdiction, no matter how the complaint is framed. See, e.g., *Hagans v. Lavine*, 415 U.S. 528 (1974); *Goosby v. Osser*, 409 U.S. 512 (1973). We therefore modify the district court's judgment with respect to Dolenz to specify that the complaint is dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

The judgment of the district court with respect to the Department of Justice is affirmed. The judgment with respect to Dolenz is modified and affirmed.